IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES E. WILSON, ) | |
| Plaintiff, ) | Civil Action No. 7:06-cv-00476 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| POLICE DEPARTMENT, et. al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Charles E. Wilson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Wilson alleged that he had been mistreated by officers of the Bristol Police Department on two separate occasions--in the summer of 2005 and in January 2006. The court filed the complaint conditionally and advised Wilson that his allegations failed to state a claim upon which relief could be granted, but gave him twenty days to amend the complaint to particularize his allegations and name proper defendants. Wilson has complied with the court's conditional filing order and has submitted amendments to his complaint. Upon consideration of the complaint as amended, however, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I. Excessive Force on Arrest

A. The Facts

Wilson alleges the following events related to his first claim that Officer Cunningham used excessive force against Wilson on January 26, 2006. Wilson was drinking beer at a friend's house

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

on that day. Cunningham came to the door of the residence and told the residence owner that someone had reported a disturbance there. At first, the owner denied that there had been any disturbance, but then she called the officer back. Cunningham told Wilson that she needed to ask him something. When he approached her, she pulled him through the door and up against a police vehicle. She put handcuffs on him that were too tight and left "permanent indentations" in his wrist. She ignored his complaints that the cuffs were too tight and threw him in the back of the police car. Cunningham charged Wilson with being drunk in public, and he was later convicted of this charge.

B. Analysis

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court must analyze claims of excessive force during arrest under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The court must determine "whether the police officers' actions were 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. To state a claim that the use of handcuffs during arrest was unreasonable, plaintiff must allege facts indicating that he suffered more than de minimis injury. See Cooper v. City of Virginia Beach, Virginia, 817 F. Supp. 1310, 1314 (E.D. Va.1993) (citing other cases); Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir.1999) (finding allegations that handcuffs were too tight were too insubstantial to support Fourth Amendment claim). See also Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir.1990) (placing handcuffs on too tightly does not constitute excessive force absent severe, permanent injury).

2

Wilson has failed to allege sufficient facts from which any reasonable jury could find that his handcuffing was unreasonable. Plaintiff was arrested on charges of intoxication at the specific complaint of the homeowner to the reporting officer. It was not per se unreasonable for the officer to use handcuffs to restrain him while removing him from the residence and transporting him in the police vehicle. Furthermore, some tightness around the wrists is undoubtedly a normal incident of the handcuffing process, and plaintiff has not alleged any special factors, such as a medical injury or pre-existing condition exacerbated by the handcuffing, that would support a conclusion that his handcuffing involved unreasonable or excessive force. The court specifically directed him to describe the nature of his injuries and any medical treatment he sought for them. His amendment merely states that the cuffs caused "permanent indentations," but does not indicate that these injuries involved a break in the skin or that he ever requested or required medical treatment for them. As he fails to allege facts stating a claim of excessive force on arrest, the court will dismiss this portion of his complaint, pursuant to § 1915A(b)(1).

II. False Arrest

There is no cause of action for a false arrest under § 1983 unless the officer lacked probable cause.[2] See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists when the facts and circumstances within an officer's knowledge, and of which she had reasonably trustworthy information, were "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); Porterfield

---

[2] To the extent that Wilson attempts to bring a claim of false arrest under Virginia common law, such state law claims are not independently actionable under § 1983. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). The court declines to exercise supplemental jurisdiction over any such state law claim, pursuant to 28 U.S.C. § 1367(c).

v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). When this objective standard of probability is considered in light of all the surrounding circumstances, even "seemingly innocent activity" may give rise to finding probable cause. Id.

Wilson alleges the following events related to his claim that Officer Brandy Barr falsely arrested him on June 3, 2005, for being drunk in public. Wilson has been unable to obtain a copy of the warrant. The court advised Wilson that he should amend his complaint to state specific facts concerning the circumstances under which this officer arrested him. Yet, the only specific details that Wilson offers in his complaint as amended are that he was tried on the charge in Bristol General District Court on July 5, 2005, and the judge found him not guilty of the charge. He does not allege any facts whatsoever from which a reasonable jury could find that the arresting officer did not have probable cause to believe that he was committing the offense of being drunk in public at the time of the arrest. As he fails to allege facts supporting this key element of his false arrest claim, the court will dismiss this portion of his complaint under § 1915A(b)(1).

### III. Conclusion

The court concludes that the entire complaint must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be issued this day.

Plaintiff moved for appointment of counsel to assist him in determining why the jail had a copy of the June 3, 2005 warrant, but the general district court did not. Because the court herein finds that plaintiff's allegations fail to state any claim actionable under § 1983, the court finds no justification for appointment of counsel in this case. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975) (finding that civil plaintiff has constitutional right to court-appointed counsel only upon showing of exceptional circumstances necessitating such appointment)

4

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to the defendants.

ENTER: This 13th day of October, 2006.

/s/ James C. Turk
Senior United States District Judge